45 C.C.P.A. (Patents).

**MEDICATED PRODUCTS CO.,**
Appellant,

v.

**ALICE JEWELRY COMPANY, Appellee.**

Patent Appeal No. 6363.

United States Court of Customs
and Patent Appeals.

May 23, 1958.

James R. McKnight, Chicago, Ill., for appellant.

Elliot A. Salter, Providence, R. I., for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY and RICH, Judges.

RICH, Judge.

This appeal is from the decision of the Commissioner of Patents dismissing an opposition to application serial No. 666,-326 to register the mark "The Bridal Pair" for earrings, necklaces, keyrings, bracelets, and anklets made wholly or in part of precious metal, by the owner of registration No. 551,057, issued November 20, 1951, of "Bride's Pride" for wedding and engagement rings. Applicant alleges use since January 10, 1954.

Neither party took testimony, opposer has submitted on brief and the applicant has filed none.

In affirming the examiner, the Commissioner was of the opinion that "likelihood of confusion must be determined by considering the commercial impressions created by the marks in their entirety and not by dissecting the marks and comparing portions thereof. The marks 'The Bridal Pair' and 'Bride's Pride' do not look alike or sound alike, nor do they stimulate the same mental association or impressions. Under such circumstances, there is no likelihood of confusion or mistake of purchasers."

Appellant-opposer's brief sets forth a hypothetical situation wherein a fiancé first buys an engagement or wedding ring, and then, some time later, is allegedly confused as to trademarks when he purchases earrings, anklets, etc. The brief also cites a number of cases in which the court held marks entirely different from those here considered, to be confusingly similar. We have repeatedly held that past decisions on confusing similarity are of little assistance in new fact situations wherein entirely different marks and products are involved.

 Trademarks must be considered in their entireties. While it is true in the instant case that both marks contain the implication of a "bride" and that the second words both begin with "P," we believe that the involved marks are so different in sound, appearance and

meaning that their concurrent use is not likely to confuse or deceive.

Therefore, the decision of the Commissioner of Patents is affirmed.

Affirmed.